# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAURICE BLANDING, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-14-337 |
| OFFICER WILLIAM BRADLEY, | * |
| Defendant. | * |

## MEMORANDUM

Plaintiff Maurice Blanding ("Mr. Blanding") filed this action against Defendant Officer William Bradley ("Officer Bradley") alleging several violations of Maryland state law, stemming from Officer Bradley's arrest of Mr. Blanding. Now pending is Mr. Blanding's Motion to Remand [ECF No. 19]. I have considered Officer Bradley's Response in Opposition [ECF No. 21] and Mr. Blanding's Reply thereto [ECF No. 22]. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the motion will be GRANTED.

**I. Background**

On August 5, 2013, Mr. Blanding commenced a lawsuit against Officer Bradley in the Circuit Court for Baltimore City. [ECF No. 2]. Mr. Blanding raised seven counts in his Complaint, all of which arose under Maryland state law or the Maryland Constitution.[1] During the course of litigation, Officer Bradley served Mr. Blanding with a set of interrogatories. In one question, Officer Bradley asked, "[a]s for each action you allege were [sic] performed by Defendant, please indicate what damages, injuries, or claims you allege were proximately caused by the action." Def.'s Resp. Ex. 1. On January 28, 2014, Mr. Blanding answered the

---

[1]The seven counts included assault, battery, false arrest, false imprisonment, malicious prosecution, and violations of Articles 24 and 26 of the Maryland Declaration of Rights. *See* Compl. [ECF No. 2].

interrogatories and responded to that question by stating, in part, that, "[p]laintiff was assaulted, arrested and confined without legal justification contrary to the Maryland Declaration of Rights and the U.S. Constitution." *Id.* On February 3, 2014, Officer Bradley removed the case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, reasoning that Mr. Blanding's sole reference to the United States Constitution in his interrogatory response was sufficient to confer federal question jurisdiction. [ECF Nos. 1, 8]. Mr. Blanding objects to removal, and on March 4, 2014, he filed a motion to remand the case to the Circuit Court for Baltimore City. [ECF No. 19].

## II. Legal Standard

A civil action brought in state court may be removed to federal court if the action is one over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to determine if an action arises under federal law, courts apply the well-pleaded complaint rule, which " 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 231 (4th Cir. 1993) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If it is apparent from the face of the initial pleading that an action is removable, the defendant must file a notice of removal within 30 days of receiving of the pleading. 28 U.S.C. § 1446(b)(1); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). If the initial pleading presents no grounds for removal, the defendant may file a notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

**III. Analysis**

There is no allegation of diversity of citizenship between the parties, and both parties acknowledge that Mr. Blanding's Complaint did not raise a question of federal law. Pl.'s Mot. 5; Def.'s Resp. 4-5; *see also* [ECF No. 8]. Officer Bradley contends that Mr. Blanding's interrogatory answer, which references the United States Constitution, constitutes "other paper" and provides a basis for removal to federal court on federal question jurisdiction. Def.'s Resp. 3. A discovery response, such as an interrogatory answer or deposition testimony, may constitute "other paper" pursuant to § 1446(b). *See Dougherty v. Cerra*, No. 2:13-cv-08472, 2013 WL 6705129, at *4 (S.D.W. Va. Dec. 19, 2013) (stating that formal discovery requests fall within the category of "other paper"); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (finding that a post-complaint letter concerning settlement terms constituted "other paper"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (finding that a transcript of deposition testimony constituted "other paper" ). However, typically "when courts look to 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007); *see also Lovern*, 121 F.3d at 163 (finding diversity jurisdiction established by "other paper" where plaintiff's interrogatory answers and a police report, not the complaint, revealed diversity of citizenship). "Extrinsic documents will rarely, if ever, affect a federal court's subject matter jurisdiction in federal question cases because the jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." *Dougherty*, 2013 WL 6705129, at *6. "For this reason, the 'other paper' doctrine has little application in federal question cases." *Id.* Documents that are extrinsic to the complaint are viewed as irrelevant in federal question cases because "the plaintiff has exclusive authority to define the nature of his or her claims." *Id.*

Here, Mr. Blanding has raised no federal claim in his Complaint. He has made only a passing reference to the United States Constitution in an interrogatory response, in which he failed to articulate which amendment provides the source of relief. In a factually analogous case, *Eggert v. Britton*, the Fifth Circuit held that a similar perfunctory reference to federal law in an interrogatory response was not sufficient for removal based upon federal question jurisdiction. The plaintiff in *Eggert* brought suit in state court alleging a variety of state law claims, including false imprisonment and intentional infliction of emotional distress. *Eggert*, 223 F. App'x 394 at 396. In response to an interrogatory in which the defendants asked whether Eggert was making any claims under the United States Constitution, Eggert responded that "...Plaintiff was arrested without lawful warrant, probable cause and/or other lawful authority...in violation of Plaintiff's rights, pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution." *Id.* The defendants removed the case to federal court based on federal question jurisdiction, and Eggert's motion to remand was denied. *Id.* On appeal, the Fifth Circuit concluded that the case, as removed, failed to raise any claims based on federal jurisdiction. *Id.* at 398. The court reasoned that the constitutional claims raised "[did] not appear in the pleadings; they also [did] not clarify any possible federal nature of the claims made in the pleadings." *Id.* Moreover, the plaintiff did not allege a colorable claim under any federal law, such as § 1983, and the interrogatory response was not filed in court. *Id.* Thus, there was "no reason to construe the document as amending his complaint." *Id.*

The *Eggert* court favorably cited *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791 (S.D. Miss. 1999), in which the district court granted the plaintiffs' motion to remand upon finding that no federal claim was presented. The defendants attempted to remove the case to

4

federal court on the ground that one of the plaintiffs asserted a federal claim during her deposition testimony. The court stated that,

> "[b]ut where, as here, the allegations which are said to form the basis of a federal claim, which, in turn, forms the basis of removal, do not appear anywhere in the pleadings but have been injected in the case solely in deposition testimony, the putative federal claim simply does not exist as a cognizable claim in the case. In other words, deposition testimony that does not tend merely to clarify the federal nature of an existing claim, but which relates to a putative claim *which has not been pled*, is not 'other paper' from which it may be ascertained that the case is or has become removable."

*Trotter*, 47 F. Supp. 2d at 793 (emphasis in original). Several courts have followed the rationale that "the other paper must clarify the federal nature of an *existing* claim, and not relate to a putative claim that has not yet been pled." *Salter v. Erie 1 Bd. of Coop. Educ. Servs.*, No. 12-cv-00086(A)(M), 2013 WL 1352273, at *2 (W.D.N.Y. March 13, 2013) (emphasis in original) (internal quotation marks omitted) (citing *O'Keefe v. State Farm Fire and Casualty Co.*, No. 1:08CV600-HSO-LRA, 2009 WL 95039, at *3); *see also Watson v. City of Meridian, Mississippi*, No. 4:08cv4 DPJ-JCS, 2008 WL 907655, at *2 (S.D. Miss. March 31, 2008) (finding no cognizable federal claim where a discovery response contemplated a federal question, but the allegations that formed the basis of the alleged federal claim did not appear in the complaint).

Officer Bradley relies on *Leboeuf v. Texaco*, 9 F. Supp. 2d 661 (E.D. La. 1998), as support for his position that Mr. Blanding's interrogatory response alone provides a legally sufficient basis for removal. Def.'s Resp. 4. In *Leboeuf*, the plaintiffs failed to raise any federal claim in their initial pleadings. However, in four interrogatory responses, the plaintiffs raised a specific federal cause of action—the Federal Oil Pollution Act. *Leboeuf*, 9 F. Supp. 2d at 664. The defendant removed the case to federal court, and the plaintiffs objected to removal, arguing that it was untimely. *Id.* at 663. The court concluded that the interrogatory response placed the

5

defendants "on notice of a federal question arising under the [Oil Pollution Act]," thus starting the 30-day period for removal. *Id.* at 666. In drawing an analogy to *Leboeuf*, Officer Bradley fails to appreciate that in that case, the plaintiffs objected to removal because it was untimely, not because they contested the propriety of federal jurisdiction. Indeed, the plaintiffs in *Leboeuf* argued that the defendant was put on notice of the federal nature of the case in three separate instances—when the plaintiffs filed their first supplemental and amending complaint, when the plaintiffs responded to interrogatories, and when the plaintiffs filed a motion for class certification. *Id.* at 663. While the court concluded that the interrogatory response was sufficient to put the defendants on notice, "[t]here [was] no indication...that the [interrogatory] response would have been enough in itself to impart federal jurisdiction in the absence of the Plaintiff's actual intent to seek recovery under a federal statute." *City of Dallas v. Explorer Pipeline Co., Inc.*, No. Civ. 3:02-cv-1465-H, 2003 WL 193444, at *4 (N.D. Tex. Jan. 27, 2003).

It is apparent from the Complaint that Mr. Blanding does not intend to pursue a federal cause of action. Therefore, the mere mention of the United States Constitution, without more, in Mr. Blanding's interrogatory response, cannot serve to clarify any existing federal claim. I do not find that Mr. Blanding has amended his Complaint to include a federal claim. Accordingly, removal pursuant to 28 U.S.C. § 1446(b)(3) is not proper, and remand for lack of federal jurisdiction is warranted.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand [ECF No. 19] is GRANTED. A separate order follows.

Dated: April 15, 2014

/s/
Stephanie A. Gallagher
United States Magistrate Judge